UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL O'HARE,

                Plaintiff,

-vs-                                        Case No. 6:05-cv-267-Orl-28DAB

GATX TECHNOLOGY SERVICES
CORPORATION,

                Defendant.
_____

## ORDER

This cause is before the Court on Defendant GATX Technology Services Corporation's ("GTS") Motion to Dismiss Counts II and III of Plaintiff Michael O'Hare's ("Mr. O'Hare") Complaint. (Doc. 3). For the reasons set forth below, Defendant's motion must be denied.

## I. BACKGROUND

From 1995 to June 30, 2004, Mr. O'Hare was employed by GTS as a sales representative, in which capacity he negotiated and sold computer leasing packages to large institutional clients. Compl. at ¶ 5. During his employment with GTS, Mr. O'Hare's salary was almost entirely based on commissions and periodic bonuses derived from the sale of computer leasing packages. Id. at 6. Commissions received by Mr. O'Hare were governed by commission agreements with GTS, the most recent of which was entered into on January 1, 2004. Id.

On April 14, 2004, GTS entered into an Asset Purchase Agreement with CIT Group, Inc. Pursuant to this agreement, GTS sold Mr. O'Hare's portfolio of leases, which at the time of sale had a net book value of over $8 million. Id. at 8. The sale of Mr. O'Hare's portfolio resulted in fee income of over $5 million. Id. To date, Mr. O'Hare has not received a commission from GTS' sale of his portfolio. Id.

## II. MOTION TO DISMISS STANDARD

To warrant dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In determining whether to grant a motion to dismiss, a court must accept all the factual allegations in the complaint as true and consider all reasonable inferences derived therefrom in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994).

## III. DISPOSITION OF DEFENDANT'S MOTION

Mr. O'Hare's three-count Complaint raises claims of breach of contract (Count I), quantum meruit (Count II), and unjust enrichment (Count III). GTS argues that the commission agreements govern all rights which Mr. O'Hare has asserted in his Complaint and, therefore, preclude his equitable claims of quantum meruit and unjust enrichment. Plaintiff does not dispute the principle that equitable causes of action may not be premised

on the violation of rights which are "covered by a valid and enforceable contract." <u>In re Managed Care Litig.</u>, 185 F. Supp. 2d 1310, 1337 (S.D. Fla. 2002). Rather, Mr. O'Hare contends that his equitable claims are based on rights which a jury may reasonably determine to fall outside the terms of the commission agreements.

Under the Federal Rules of Civil Procedure, Mr. O'Hare is entitled to plead "a claim . . . alternately or hypothetically." Fed. R. Civ. P. 8(a), (e)(2). At this stage of the proceedings, it is reasonable to infer that Mr. O'Hare's equitable claims are based on the hypothetical prospect that at least some of the rights he alleges to have been violated by GTS will be deemed to fall outside the terms of the commission agreements. Accordingly, the Court determines that Mr. O'Hare has properly pled equitable claims of quantum meruit and unjust enrichment in the alternative to his breach of contract claim.

In an effort to avoid additional confusion over Counts II and III of his Complaint, Mr. O'Hare has requested that the reference to "paragraphs 1 through 14" in paragraphs 18 and 22 of his Complaint be struck and replaced with reference to "paragraphs 1 through 10." As this suggested change would merely clarify that Counts II and III do not depend on the content of Mr. O'Hare's commission agreements with GTS, Mr. O'Hare's request is granted.

In accordance with the foregoing, it is **ORDERED** as follows:

1. GTS' motion to dismiss Counts II and III of Mr. O'Hare's Complaint (Doc. 3) is **DENIED**.

2. The reference to "paragraphs 1 through 14" in paragraphs 18 and 22 of Mr. O'Hare's Complaint is stricken and replaced by reference to "paragraphs 1 through 10."

**DONE** and **ORDERED** in Chambers, Orlando, Florida this ___3ᵈ___ day of ~~April~~ MAY, 2005.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party